Fecteau, J.
The defendants-in-counterclaims’ motion to dismiss is denied for the following reasons:
1. Mass.R.Civ.P. 13(h) allows a party to counterclaim against a non-party pursuant to the principles set forth in Mass.R.Civ.P. 19 & 20. Moreover, any objections to the sufficiency of service on Marr Oil Heat Company have been waived by the failure to raise the issue within either Marr Oil Heat Company’s Answer or present motion to dismiss.
2. The original defendant is not required to comply with the notice or procedural requirements under G.L.c. 21 E. Under the traditional definition of the word “joined,” meaning to engage an issue, the original defendant has already been joined in the action and is not “commencing” a civil action such as to be subject to the procedural requirements. The G.L.c. 2IE time requirements do not address the time constraints placed upon a defendant under Mass.R.Civ.P. 12(a). Additionally, the policy goal of encouraging an out-of-court settlement which underlies G.L.c. 2IE has already been thwarted once a plaintiff has brought suit. The notice, waiting period and alternative dispute resolution provisions of G.L.c. 2IE no longer serve a purpose once the issue has been brought to court.
3. Finally, this court cannot say at this time that the plaintiff-in-counterclaim can prove no set of facts in support of any common law tort to support its contribution count. However, the motion to dismiss is ordered without prejudice on this basis, and the plaintiff-in-counterclaim is hereby ordered to submit an Amended Counterclaim Complaint which provides a more definite statement on Count II. The more definite *41 statement is to include the specific tort or torts, aside from G.L.c. 21E, which support the common law contribution claim, and is to be filed with this court within thirty (30) days from the date of this order.